IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL MUMFORD, <br><br> Plaintiff, <br><br> v. <br><br> J.D. BOSTIC, VIRGINIA STATE POLICE TROOPER, et al., <br><br> Defendants. | Case No. 7:21-cv-000598-MFU |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants submit this reply in support of their Motion to Dismiss, ECF No. 15. Pro se plaintiff Mumford's Objection and Response, ECF No. 18, rehashes the Complaint's allegations at length but fails to adequately rebut any of the several independent grounds for dismissal.

Firstly, the Response makes no attempt to address the bulk of Defendants' arguments. Mumford is notably silent on the case-dispositive issues of mootness, unripeness, and the statute of limitations. Each of these conceded issues separately supports dismissal of all claims.

Next, Mumford again admits that he "currently resides in North Carolina," not in Virginia. Resp. at 2, 10. In fact, perhaps copying and pasting from another pleading, he even claims that the appropriate venue for this action is the Middle District of North Carolina. *See id.* at 2. While he does not dispute that is no longer listed on the Virginia Sex Offender Registry, Mumford also submits that he was listed on the Virginia SOR as of February 22, 2021, but on the advice of his counsel and to avoid a conviction for failure to register, he then moved out-of-state. *See id.* at 10. This new factual allegation was not pleaded in the Complaint and cannot amplify it, but even if properly before the Court, would not cure the mootness and unripeness of his claims.

In the Response, Mumford devotes most of his energy to trying to rebut Defendants' argument that their Eleventh Amendment immunity bars all official-capacity claims. In sum, he insists that the *Ex parte Young* exception to Eleventh Amendment immunity applies because he seeks prospective injunctive relief against individual defendants in their official capacities. *See* Resp. at 19-20. This exception, however, applies only when "the violation for which relief is sought is an ongoing one." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998) (citing *Ex parte Young*, 209 U.S. 123, 154 (1908)). Mumford's Complaint involves no alleged ongoing violation because he "is now not a resident of the Commonwealth of Virginia," "is not required to register as a sex offender on Virginia's Sex Offenders and Crimes Against Minors Registry," and "is not listed as a sex offender on Virginia's Sex Offenders and Crimes Against Minors Registry." Compl. at 15. The Response fails to address this defect in Mumford's position.

Mumford also repeatedly misrepresents Virginia law, further undermining his claims. First, the Virginia Sex Offender and Crimes Against Minors Registry Act no longer classifies offenses as "sexually violent" to determine the existence or duration of a registration requirement. *See, e.g.*, Resp. at 10, 13. Instead, the current Act classifies offenses using a tier system and treats out-of-state offenses the same as the similar Virginia offense. *See* Va. Code § 9.1-902. Second, Mumford's claim that he is not required to register in Kentucky, where he was convicted of child rape (and where he does not currently reside), has no bearing on whether he must register in Virginia. *See, e.g.*, Resp. at 14-15. Instead, the Act requires registration when an out-of-state offense is similar to a Virginia offense requiring registration. *See* Va. Code § 9.1-902(C)(1). Third, the 2007 letter noting that Mumford was "not *currently* required to register as a sex offender" in Kentucky did not require Defendants to remove him from the Virginia SOR. *See, e.g.*, Resp. at 23-24. Instead, the Act only requires the Virginia Department of State Police

to remove a name from the Virginia SOR upon receipt of an order of removal from a Virginia court after an adversarial proceeding involving the Commonwealth. *See* Va. Code § 9.1-910.

Finally, Mumford provides no authority to rebut Defendants' related arguments that his Complaint fails to state a claim for any constitutional violation or that all Defendants are entitled to qualified immunity because their alleged conduct violated no clearly established law. The Response asserts that Defendants violated various constitutional amendments but then supplies only the standard for evaluating a Rule 12(b)(6) motion and a general description of substantive and procedural due process. *See* Resp. at 18, 21-22. It cites no case law on the constitutionality of sex offender registration laws, much less any controlling authority addressing the challenged conduct of maintaining a sex offender registry or arresting a sex offender for failing to register.

After the Motion to Dismiss was filed, the Fourth Circuit issued *Doe v. Settle*, a published opinion analyzing the constitutionality of the Virginia SOR. *See* 2022 U.S. App. LEXIS 2691, ___ F.4th ___ (4th Cir. Jan 28, 2022). The plaintiff, a high school student who had just turned 18, was caught having sex with his 14-year-old girlfriend and pleaded guilty to "taking indecent liberties with children" under Va. Code § 18.2-370(A), a Tier III offense requiring lifetime registration on the Virginia SOR. *See id.* at *10. The Fourth Circuit affirmed the dismissal of the action for failure to state a claim. *See id.* at *3. It found that the Virginia SOR's line-drawing in classifying different offenses (specifically, indecent liberties and carnal knowledge) withstands rational basis scrutiny and does not violate the Equal Protection clause. *See id.* at 25. In addition, the Virginia SOR "is rationally related to the legitimate public interest in public safety because it alerts the public to the risk of sex offenders in their community" and thus does not violate substantive due process. *Id.* *43-44. Finally, the Virginia SOR "is not a punishment," so the Eighth Amendment does not apply. *Id.* at *26. This case provides further support for dismissal.

3

For the foregoing reasons and on the grounds stated in the Motion to Dismiss, the Court should dismiss this action with prejudice and grant any other relief that it deems just and proper.

Respectfully submitted,

J.D. BOSTIC, COLONEL GARY T. SETTLE, D.A. LOCKLIEAR, JAMES K. LISS, and W. STEVEN FLAHERTY

By:    /s/ Sheri H. Kelly
             Counsel

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Marshall H. Ross
Senior Assistant Attorney General/Trial Section Chief

*Sheri H. Kelly, VSB No. 82219
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
Phone: 276-628-2964
Fax: 276-628-4375
skelly@oag.state.va.us
*Counsel for Defendants*

## CERTIFICATE

I hereby certify that on February 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Paul Mumford
    P.O. Box 6593
    Concord, NC 28027
    *Pro Se Plaintiff*

By:    /s/ Sheri H. Kelly
           Sheri H. Kelly
