IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL MUMFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:21-cv-00598 |
| | ) |
| J.D. BOSTIC, VIRGINIA STATE | ) By: Hon. Robert S. Ballou |
| POLICE TROOPER, et al., | ) United States Magistrate Judge |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION[1]

Paul Mumford, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, against defendants, all current or former employees of the Virginia Department of State Police.[2] Mumford's Amended Complaint attempts to assert various causes of action related to his claimed misclassification as a violent sex offender on the Virginia sex offender registry. Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).[3] Because Mumford has not alleged facts showing defendants wrongly classified him on the Virginia sex

---

[1] This case has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(A), and (b)(1)(B). Dkt. 24.

[2] Defendants Bostic and Lockliear are Sex Offender Registration Officers with the Virginia State Police and Defendant Liss is the Custodian of Records for the Sex Offender and Crimes Against Minors Registry. Defendants Settle and Flaherty are the current and former Superintendents of the State Police, respectively.

[3] Defendants refer to the Complaint, instead of the Amended Complaint, throughout their motion and memorandum; however, the contents of the memorandum make clear they are moving to dismiss the Amended Complaint, which has superseded the Complaint. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (noting that "The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect").

offender registry[4], I recommend **GRANTING** the motion to dismiss, but giving Mumford a limited leave to file a second amended complaint.

I.      **Allegations in the Complaint**

Mumford asserts that defendants violated his constitutional rights by "falsely listing him as . . . being previously convicted of a sexually violent offense"[5] both in court records and on the sex offender registry while residing in or during extended stays in Virginia.[6] I do not reach the constitutional claims because Mumford has not alleged sufficient facts to show that defendants wrongly required him to register as a sex offender in Virginia.

Mumford was convicted in Kentucky on February 2, 1996, of 3rd degree rape under K.R.S. § 510.060 (1988) and sentenced to two years imprisonment. Am. Compl. at 9, Dkt. 4. Upon his release from prison, Kentucky required Mumford to register as a sex offender on the Kentucky Sex Offender Registry.[7] Id. at 9–10. At some point, Mumford moved to Roanoke, Virginia and in 2003 was arrested for failure to register, ultimately pleading guilty to a misdemeanor charge of failure to register as a sex offender.[8] Id. at 10. Mumford briefly moved to

---

[4] Registration requirements apply to all sex offenders convicted of certain crimes, as designated by the Virginia state legislature. Va. Code §§ 9.1-901, 902. Likewise, the registration requirement applies to persons residing in Virginia who have been convicted of certain offenses under the laws of another state, or where registration is required under the laws of the jurisdiction where the person was convicted. Id. at 9.1-902.

[5] In 2020, Virginia amended Va. Code § 9.1-911 to refer to tiers of offenses. Previously, the statute used a "descriptive label of whether the individual had been convicted of a "sexually violent offense." See Prynne v. Settle, 848 F. App'x 93, 111 (4th Cir. 2021). Tier III offenses used to be categorized as "sexually violent offense." Doe v. Settle, 24 F.4th 932, 936 n. 1 (4th Cir. 2022) (noting that the "current three-tier system was introduced in 2020, but the substance of the registry is largely unchanged.").

[6] While Mumford does not currently reside in Virginia, he lived in Virginia at various times from 2002-2019.

[7] Mumford indicates that his sentencing order did not require probation or parole, nor did it require him to register as a sex offender. Am. Compl. at 9, Dkt. 4. However, he asserts, that upon his early release in April 1997, the law had changed to require him to register as a sex offender.

[8] Mumford asserts he was arrested in 2003 by Defendant Liss "for failure to register as required [] for [] a person who was convicted of a violent sex offense", charged with failing to register, and plead guilty to the misdemeanor charge of Failure to Register as a Sex Offender under Va. Code § 18.2-472.1. Am. Compl. at 7, Dkt. 4.

North Carolina before returning to Virginia in March 2005 and registering as a sex offender. Am. Compl. at 11.

Kentucky removed Mumford from its sex offender registry in December 2007 and provided a letter confirming that Kentucky no longer required him to register as a sex offender. Id. at 12; See Ex. 4-2, at 1. Mumford alleges that he was arrested in Virginia in 2011 and 2019 for failing to register as a person convicted of a sexually violent offense in violation of Va. Code § 18.2-472.1, despite Kentucky no longer requiring his continued registration.[9] In support of his claim that defendants knew he was never convicted of a sexually violent offense, Mumford relies on the letter from the Kentucky State Police and two handwritten notes indicating he had not been convicted of a sexually violent offense.[10]

Mumford alleges constitutional violations under the Fourth, Fifth, Eighth, and Fourteenth Amendments and claims various harms, including emotional and physical distress, difficulty seeing his family, damage to his reputation, unlawful imprisonment, and false arrest. He asks the court for a declaratory judgment that defendants have violated these rights and a preliminary and permanent injunction to both prevent defendants from listing him on the Virginia sex offender

---

[9] On December 19, 2011, defendant D.A. Lockliear arrested Mumford under Va. Code § 18.2-472 for failing to register as a sex offender as a person "previously convicted of a sexually violent offense." Am. Compl. at 6, 13–14. According to defendants, Mumford pleaded no contest to a misdemeanor offense, was found guilty, and received an active sentence of 20 days in jail. D.'s Br. in Supp. at 3, Dkt. 16. In October 2019, Mumford was arrested by defendant Johnathan Bostic, a Virginia State Trooper, and charged under § 18.2-472.1 for "knowingly" failing to register with the Virginia SOCRAM as a "person convicted of a sexually violent offense." Am. Compl. at 14, 36. It is not alleged how this resolved.

[10] Mumford references an "affidavit" he received in January 2007 indicating that Mumford "was never convicted of a violent sex offense according to the Sex Offender Individual Record." Am. Compl at 11–12. He explains in his Memorandum in Opposition that the referenced "affidavit" is the Sex Offender Individual Record, attached as Exhibit 3 to the Amended Complaint, which includes a handwritten note dated January 18, 2007, and signed with the initials "AK," stating, "Advised Mr. Mumford he wasn't a violent sex off. But before I could he walked off." Dkt. 4-3, at 2. The exhibit also contains a second undated handwritten note which appears to read: "Called State Police earlier date. Not a State Police . . . violent offender." Id.

registry and requiring his removal from the registry. He also seeks compensatory, punitive, and nominal damages in the amount of $8,000,000. Am. Compl. at 43.

## II. Motion to Dismiss

Defendants move to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). I address the subject matter jurisdiction challenge first. See Montgomery v. Virginia Dep't of Soc. Servs., No. 3:20CV399 (DJN), 2020 WL 5750897, at *3 (E.D. Va. Sept. 25, 2020) (noting that "[b]ecause Defendant's jurisdictional challenge determines the Court's authority to consider the merits of Plaintiff's claims" the court will determine that challenge first).

### A. Rule 12(b)(1)

Defendants assert a facial challenge to the Amended Complaint under Rule 12(b)(1)[11] arguing that the allegations pleaded are insufficient to establish subject matter jurisdiction. Defendants contend that Mumford's claims are moot because he does not live in Virginia and is not currently on the Virginia sex offender registry. Defendants also argue that they are entitled to Eleventh Amendment immunity.[12] In a facial challenge to subject matter jurisdiction, I take the facts alleged in the Amended Complaint as true, "and the motion [to dismiss] must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

---

[11] While the law in the Fourth Circuit is not entirely settled regarding "whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)," I follow the caselaw finding it more appropriate to consider Eleventh Amendment immunity under Rule 12(b)(1). Andrews v. Daw, 201 F.3d 521, 524 n.2 (4th Cir. 2000); Haley v. Va. Dept. of Health, No. 4:12-cv-00016, 2012 WL 5494306, *2 n.2 (W.D. Va. Nov. 13, 2012) (noting "recent trend" of treating Eleventh Amendment sovereign immunity under Rule 12(b)(1)).

[12] The defendant may challenge subject matter jurisdiction under Rule 12(b)(1) "in one of two ways": either (1) a facial challenge, arguing that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction; or (2) a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original).

(1) <u>Mootness</u>

A case is moot only when there is no longer a case or controversy to be resolved by the court. <u>Already, LLC v. Nike, Inc.</u>, 568 U.S. 85, 91 (2013) ("noting that, "[a] case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"). Defendants indicate Mumford is not currently listed on the sex offender registry, but do not address whether Virginia would require him to register if he returned.

Mumford alleges he left Virginia because he faced prosecution for failure to register and, were he to return, he would again be required to register. Mumford stated in response to the motion to dismiss that "defendants and their counsel threatened [him] with incarceration of ten to fifteen years if he didn't leave the Commonwealth of Virginia," and, further, defendants wrongfully listed him as a sexually violent offender.[13] Dkt. 18 at 10. If Mumford can adequately allege defendants have wrongly categorized him as a violent sexual offender (now Tier III offender), with the threat of wrongful arrest on his return to the state, he presents an actual controversy affecting his rights and not a hypothetical scenario. See <u>Chafin v. Chafin</u>, 568 U.S. 165, 172, (2013) (holding that, "[f]ederal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts') (citation omitted). At the jurisdictional stage, I cannot ignore Mumford's allegations that defendants would wrongfully require him to register, or he could face criminal prosecution, upon his return to Virginia. <u>Comp.</u> <u>e.g.</u> <u>Meredith v. Stein</u>, 355 F. Supp. 3d

---

[13] While I recognize defendants' point that Mumford did not allege this in his Amended Complaint, I will consider these allegations in the spirit of liberally construing a pro se complaint. See <u>Davis v. Bacigalupi</u>, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010) (collecting cases) (noting that in considering a motion to dismiss the court "will consider the allegations made in the [pro se] Plaintiff's memorandum filed in opposition to the Defendant's motion to dismiss").

355, 362 (E.D.N.C. 2018) (rejecting defendants' argument that plaintiff's claims for injunctive relief are moot "because plaintiff is no longer on the sex offender registry" and explaining that "defendants have not met their 'formidable burden' of establishing that plaintiff cannot be placed on the sex offender registry again")[14] with Long v. Pekoske, No. 20-1406, 2022 WL 2336796, at *5 (4th Cir. June 29, 2022) (finding moot plaintiff's claims related to his inclusion on the No Fly List when the government had both "removed [him] from the No Fly List and avowed that it won't reinstate him . . . ."). Thus, I recommend denying the defendants' Rule 12(b)(1) motion to dismiss on mootness grounds, as Mumford's claims for injunctive relief are not necessarily mooted.

    (2) Eleventh Amendment Immunity

For similar reasons, I recommend denying defendants' Eleventh Amendment immunity argument under the exception established in Ex parte Young, 209 U.S. 123 (1908), holding state officials can be sued in their official capacities for prospective relief from ongoing violations of federal law. Allen v. Cooper, 895 F.3d 337, 354 (4th Cir. 2018). Mumford seeks prospective relief here, enjoining defendants from listing him on the Virginia sex offender registry as a person convicted of a sexually violent offense. See City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982) (noting that "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice").

---

[14] In Meredith v. Stein, the court determined that North Carolina's prior procedure for determining "substantial similarity" between an out of state conviction and a North Carolina conviction which requires sex offender registration violated due process. Id. at 355. Of course, that is not Mr. Mumford's allegation in this case. As he states in his supplemental response, he has "never advanced a thesis that the sex offender registry is *per se* unconstitutional." Dkt. 21 at 9.

B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter. . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not entitled to a presumption of truth. Iqbal, 556 U.S. 662 (2009); Twombly, 550 U.S. at 570 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action"). Further, the court affords *pro se* complaints liberal construction. Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

To obtain relief under § 1983, Mumford must establish he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation was the result of conduct by a person acting under color of state law. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). However, Mumford's claim that he is not required to register in Virginia merely because he has no registration requirement in Kentucky, and his underlying Kentucky conviction was not classified as a violent offense, is insufficient to state a plausible claim for relief.

As it pertains to this case, a person convicted of an offense in another state must register while residing in Virginia, or when in Virginia for an extended visit, when "required under the laws of the jurisdiction where the offender was convicted," or when an out of state offense is

similar to a Virginia offense requiring registration. Va. Code § 9.1-902(A)(3) and (4). Thus, Mumford must allege sufficient facts showing that after 2007, when Kentucky no longer required his registration, no Virginia offense similar to his Kentucky conviction would likewise require his registration in Virginia. Indeed, Mumford states in his Amended Complaint that the "true question . . . before this Court is whether a conviction under . . . K.R.S. § 510.060 has substantially similar elements as an offense listed in Va. Code 9.1-902" (Offenses Requiring Registration). Am. Compl. at 15, Dkt. 4.

Mumford was convicted of rape in the third degree in violation of K.R.S. § 510.060, which prohibits a person 21 years old or more from engaging in sexual intercourse with another person less than 16 years old. K.R.S. § 510.060(1)(a); Am. Compl. at 22–23, Dkt. 4.[15] Mumford alleges that the most similar Virginia statute to K.R.S. § 510.060 is Va. Code § 18.2-371, which provides that any person 18 years or older who "engages in consensual sexual intercourse" with a child 15 or older, not his spouse, child, or grandchild is guilty of a Class 1 misdemeanor. Am. Compl. at 24, Dkt. 4. Of course, I need not accept this legal conclusion as true. See Iqbal, 556 U.S. 662 (2009). In fact, Mumford attaches as Exhibit 3 to the Amended Complaint his re-registration form with the Virginia State Police. This exhibit also contains Mumford's Sex Offender Individual Record, which lists Va. Code § 18.2-63 (Carnal Knowledge of Child 13 to 15 Years Old) as the Virginia statute associated with Mumford's 1996 Kentucky conviction.[16]

Section 18.2-63 provides that it is a Class 4 felony for a person to have carnal knowledge of a child thirteen years or older, but under fifteen. Importantly, as it applies to Mumford, the sex

---

[15] Mumford describes K.R.S. § 510.060 as "proscrib[ing] sex with someone over the age of 21 with a person under the age of 16." Am. Compl. at 24, Dkt. 4.

[16] See Phillips v. LCI Int'l, Inc. 190 F.3d 609, 618 (4th Cir. 1999) (noting that the court can properly consider documents that are "integral to and explicitly relied on in the complaint" in ruling on a motion to dismiss); Fusaro v. Cogan, 930 F.3d 241, 248 (4th Cir. 2019) (when ruling on a motion to dismiss, a court may "consider documents attached to the complaint") (quotation omitted).

offender registration statutes designate as a Tier III offender, requiring lifetime registration, any person guilty under Va. Code § 18.2-63(A) "where the perpetrator is more than five years older than the victim." Va. Code § 9.1-902; see Settle, 24 F.4th at 937–38 (noting that for Tier III offender, repeat offenders, and murderers, the "registry is for life with no exception").

Mumford has not alleged facts suggesting that the defendants incorrectly classified his Kentucky conviction as similar to a violation of Va. Code § 18.2-63. Mumford must assert in any amended complaint the age of the victim at the time of the Kentucky offense, and his own age, to state any claim that he is wrongly subject to the registration requirements in Virginia. See United States v. Berry, 814 F.3d 192, 196 (4th Cir. 2016) (holding that a court could consider the age of a victim in the sentencing guidelines context when considering similar state convictions). Also, how Kentucky categorizes Mumford's crime, or the fact that it no longer requires him to register on the Kentucky sex offender registry, does not control Mumford's registration obligation in Virginia.[17]

Here, to adequately plead that he has been wrongly classified as a violent sexual offender (now Tier III offender), Mumford must allege that his Kentucky offense was not, in fact, similar to Va. Code § 18.2-63, and that he was not more than five years older than his victim, which would require lifetime registration in Virginia. Mumford cannot escape the fact that, if he was five years older than his victim, and his victim was younger than 15, at the time of the offense,

---

[17] Likewise, to the extent that Mumford complains that Virginia amended the sex offender registration statutes to define his offense as a "sexually violent offense" or "Tier III offense," requiring lifetime registration and thus, retroactively classified him as a sexually violent offender, this does not state a constitutional claim. The United States Supreme Court has held that a state's sex offender registry law did not violate the *Ex Post Facto* Clause, because the non-punitive act "[made] a valid regulatory program effective and [did] not impose punitive restraints." Smith v. Doe, 538 U.S. 84, 105–06 (2003); Settle, 24 F.4th at 946 (noting that the "Virginia sex-offender registry is not a punishment."). Likewise, the Fourth Circuit has determined that Virginia's sex offender registry law does not violate the *Ex Post Facto* Clause. Ballard v. FBI, 102 F. App'x 828, 829 (4th Cir. 2004) (citing Smith, 538 U.S. at 105–06); see also Perry-Bey v. Virginia, No. 3:12CV704, 2013 WL 2476491, at *7–8 (E.D. Va. June 7, 2013) (noting that because "Virginia's sex offender registry law operates for civil regulatory purposes, rather than for punishment purposes, the law does not violate the *Ex Post Facto* Clause).

he is a Tier III offender, requiring lifetime registration upon moving to Virginia.[18] See Va. Code § 9.1-908 (providing that a person who has been convicted of a Tier III (formerly sexually violent) offense, shall have a continuing duty to register for life).

I recommend granting the motion to dismiss without prejudice [19] and providing Mumford leave to file a second amended complaint if he can allege facts showing that his Kentucky offense is not similar to Va. Code § 18.2-63, for which lifetime registration is required. Any amended complaint must allege, at a minimum, both his age and the age of the victim at the time of his offense. Based on his statements at the hearing, it is unlikely, however, Mumford will be able to do so.

### III. Conclusion

I **RECOMMEND DENYING** the defendants' Rule 12(b)(1) motion to dismiss and **GRANTING** the defendants' Rule 12(b)(6) motion to dismiss without prejudice.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, Chief United States District Judge, and to provide copies of this Report and Recommendation to counsel of record and the pro se plaintiff. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual

---

[18] During the hearing, Mumford stated on the record that his victim was 14 years old at the time of the offense. As this was not sworn testimony, I cannot rely on it here; however, should Mumford choose to file a second amended complaint, he must have a good faith basis to allege facts what would place him outside the elements of Va. Code § 18.2-63.

[19] Because I recommend granting the motion to dismiss on the basis that the Amended Complaint lacks sufficiently pled facts, I do not address the defendants' other arguments, including that all claims are barred by the applicable two-year statute of limitations for 42 U.S.C. § 1983 claims, and defendants are entitled to qualified immunity for all individual capacity claims.

recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including the waiver of the right to appeal.

                                                Entered:  July 28, 2022

*Robert S. Ballou*

                                                Robert S. Ballou
                                                United States Magistrate Judge