IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL MUMFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-598 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| J.D. BOSTIC, VIRGINIA STATE | ) | Chief United States District Judge |
| POLICE TROOPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Paul Mumford, proceeding pro se, filed an Amended Complaint against a number of current and former Virginia State Police officials challenging his obligation to register as a sex offender under Virginia law. Mumford, presently a resident of North Carolina, seeks to return to Virginia without having to register as a sex offender. In 2003, 2011 and 2019, Mumford was arrested by Virginia State Police officers charging him with failing to register as a person "convicted of a sexually violent offense" in violation of Va. Code §§ 18.2-472 and 18.2-472.1.  Mumford alleges that these arrests violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and seeks declaratory and injunctive relief as well as damages.

## I.

Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint which was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact, conclusions of law, and a recommended disposition. The Magistrate Judge filed a Report and Recommendation on July 28, 2022,

recommending that Defendants' Rule 12(b)(1) Motion to Dismiss be **DENIED**, that Defendants' Rule 12(b)(6) Motion to Dismiss be **GRANTED without prejudice**, and that Mumford be granted leave of court to file a second amended complaint. R. & R., ECF No. 29, at 2, 10.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a Magistrate Judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

Mumford does not offer any substantive objections to the Report and Recommendation other than to repeat arguments made to the Magistrate Judge and make

conclusory assertions that he should not be required to register as a sex offender in Virginia. For example, while Mumford "asserts that his 1996 Kentucky conviction is not analogous to the Virginia statute which the Defendants arbitrarily designated without any process whatsoever, permitting any opportunity for Plaintiff to be heard on the matter or any means to seek redress," Am. Objections to R. & R., ECF No. 34, at 2, he provides no facts to support this conclusion.  Rather, Mumford states that he "desires an opportunity to provide legal authority and argument to support this position." Id.[1]

Because Mumford's objections "merely reiterate arguments presented to the magistrate judge" and otherwise "lack the specificity required under Rule 72," these objections "have the same effect as a failure to object, or a waiver of such objection." See Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012).  In any event, the court has considered Mumford's objections and finds that they present no new arguments or facts that undermine the Magistrate Judge's Report and Recommendation.

## II.

Mumford was convicted in Kentucky on February 2, 1996, of 3rd degree rape in violation of K.R.S. § 510.060 (1988) and sentenced to two years imprisonment. Mumford alleges that while initially required to register as a sex offender in Kentucky, he is no longer required to do so. Claiming that his underlying Kentucky rape conviction no longer requires

---

[1] In fact, the Report and Recommendation provides Mumford with just such an opportunity by dismissing the amended complaint for failure to state a claim while recommending that Mumford be permitted to file a second amended complaint demonstrating that he has a good faith basis to a claim for relief.

him to register under Kentucky law as a violent sex offender, Mumford asks the court to find

that he is likewise not required to register as a sex offender under Virginia law.

As the Magistrate Judge painstakingly explained in the Report and Recommendation,

Mumford's obligation to register as a sex offender in Virginia is determined by Virginia law.

Under Virginia law, carnal knowledge of a child thirteen years of age or older but under fifteen

years of age is a Class 4 felony. Va. Code § 18.2-63. If the perpetrator of a violation of § 18.2-

63 is more than five years older than the victim, the offense is categorized as a Tier III offense.

Va. Code § 9.1-902(A). Virginia requires registration for "[a]ny offense similar to a Tier I, Tier

II, or Tier III offense under the laws of any foreign country or any political subdivision thereof

or the United States or any political subdivision thereof." Va. Code § 9.1-902(A)(3). A person

convicted of a Tier III offense has a continuing duty to register for life. Va. Code § 9.1-908.

In the Report and Recommendation, the Magistrate Judge determined that the

complaint contained insufficient information to establish that Mumford's Kentucky rape

conviction did not qualify for registration as a Tier III offense under Virginia law, and, as such,

was insufficient to state a plausible claim for relief.  The Report and Recommendation

concluded:

> Here, to adequately plead that he has been wrongly classified as a
> violent sexual offender (now Tier III offender), Mumford must
> allege that his Kentucky offense was not, in fact, similar to Va.
> Code § 18.2-63, and that he was not more than five years older
> than his victim, which would require lifetime registration in
> Virginia. Mumford cannot escape the fact that, if he was five
> years older than his victim, and his victim was younger than 15,
> at the time of the offense, he is a Tier III offender, requiring
> lifetime registration upon moving to Virginia.

R. & R., ECF No. 29, at 9–10.

Upon review of the pleadings, including the objections filed by Mumford, and the Virginia sex offender registration statutes, the court concludes that the legal analysis contained in the Report and Recommendation is correct, as is the decision of the Magistrate Judge to grant the Motion to Dismiss Mumford's Amended Complaint under Fed. R. Civ. P. 12(b)(6) without prejudice, while allowing Mumford an opportunity to file a second amended complaint "if he can allege facts showing that his Kentucky conviction is not similar to Va. Code § 18.2-63, for which lifetime registration is required. Any amended complaint must allege, at a minimum, both his age and the age of the victim at the time of his offense." R. & R., ECF No. 29, at 10. The court is of the opinion that the Report and Recommendation should be adopted in its entirety.

## III.

Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation, ECF No. 29, is **ADOPTED in its entirety**.

2. Defendants' Rule 12(b)(1) Motion to Dismiss is **DENIED**.

3. Defendants' Rule 12(b)(6) Motion to Dismiss is **GRANTED without prejudice**, and the Amended Complaint is **DISMISSED**.

4. Mumford is granted leave of court to file a second amended complaint within thirty (30) days. Any such second amended complaint must meet the requirements of Federal Rule of Civil Procedure 11(b), and must specifically allege both Mumford's age and the age of the victim at the time of the Kentucky rape offense.

5. If a second amended complaint is not filed within thirty (30) days, the Clerk is **DIRECTED** to strike this case from the docket of the court.

Entered: September 2, 2022

Digitally signed by Michael F.
Urbanski        Chief U.S.
District Judge
Date: 2022.09.02 11:54:30
-04'00'

Michael F. Urbanski
Chief United States District Judge